IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SAMUEL CAPNORD**                                                       **PLAINTIFF**

**v.**                             **CIVIL ACTION NO.: 4:22-CV-00151-MPM-JMV**

**TEVIN COSEY, INDIVIDUALLY AND AS AN
EMPLOYEE OF WALMART STORES EAST,
LP, WALMART STORES EAST, LP,
WALMART REAL ESTATE BUSINESS TRUST
D/B/A WALMART STORE 716, JOHN DOE EMPLOYEES 1-10 and
JOHN DOE ENTITIES 1-10**                              **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of plaintiff Samuel Capnord to remand this case to the Circuit Court of Washington County. Defendants Walmart Stores East, LP and Tevin Cosey have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is not well taken and should be denied.

This is a premises liability action arising out of a January 22, 2021 incident in which plaintiff allegedly slipped and fell in the Greenwood Walmart. In seeking recovery for his injuries resulting from this accident, plaintiff has sued both Walmart and its employee Cosey. In his complaint, plaintiff alleges that Cosey "was negligent in responding to reports of a dangerous condition on the floor, in not properly monitoring the condition of the premises, ceiling, AC units, cooler, or product on the shelves." [See para 11 of Complaint.] On September 27, 2022, defendants removed this case to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff has presently moved to remand, arguing that diversity jurisdiction is

1

lacking, inasmuch as plaintiff and Cosey are each citizens of Mississippi. In opposing remand, defendants argue that Cosey was fraudulently joined in this action and that his Mississippi citizenship should therefore be disregarded for diversity purposes.

In considering defendants' arguments, this court initially notes that the removing party bears the difficult burden of demonstrating that jurisdiction is proper due to fraudulent joinder. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir. 2000). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse [defendant] in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Rather than a "mere theoretical possibility of recovery," there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis*, 326 F.3d at 648 (*citing Badon v. RJR Nabisco Inc*., 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

In the court's view, no discussion of the fraudulent joinder doctrine in this circuit would be complete without noting the dramatic changes which have taken place in this context in the past two decades. Prior to 2004, the Fifth Circuit, essentially alone among the federal circuits, applied a highly expansive version of the fraudulent joinder doctrine which resulted in the doctrine being found applicable in far more cases than in any other circuit. *See* E. Farish Percy, <u>Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder</u>, 91 Iowa L.Rev. 189, 240 tbl. 1 (2005)(noting the dramatically larger number of fraudulent joinder removals in the Fifth Circuit than in any other circuit). In its seminal decision in *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568 (5th Cir. 2004), however, the *en*

*banc* Fifth Circuit brought its fraudulent joinder jurisprudence more in line with that of other circuits.

In *Smallwood*, the Fifth Circuit made it clear that district courts should apply a standard of review which is far more deferential to the allegations made by the plaintiff than had previously been the case in this circuit. The Fifth Circuit in *Smallwood* gave the following directives to district courts in conducting this inquiry:

> A court may resolve th[is] issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573. Unsurprisingly, *Smallwood* has resulted in a dramatic reduction in the number of fraudulent joinder removals in this state, since its endorsement of a Rule 12-type inquiry in most cases inevitably leads to a much more limited application of the doctrine than during the time when a summary judgment-type inquiry was routinely conducted.

While this court has noted at some length the stringent nature of the improper joinder doctrine post-*Smallwood*, it concludes that this is a case which meets even that stringent standard. In so stating, this court emphasizes that while plaintiff's complaint "says the right things," his affidavit makes it clear that he has no factual basis for believing that Cosey was in any way responsible for the accident in this case. In so stating, this court notes that Cosey asserts in his own affidavit that his job at the Greenwood Walmart was to serve as a "Digital Coach" whose responsibility it was to "make sure customer's online merchandise orders were done correctly and filled in a timely manner." [Affidavit at 1]. As one would expect from an employee of this nature, Cosey asserted that he did not have any responsibility for "responding to

3

reports of alleged dangerous conditions on the floor," nor was it his job to "to monitor the condition of the premises, ceiling, air conditioning, coolers, or products on the shelves" as alleged by Plaintiff in his complaint. [*Id.*] With regard to the specific incident in this case, Cosey asserts that "I have no personal knowledge of the incident alleged by plaintiff whereby he claimed water or another substance was on the floor of the Walmart store in Greenwood, Mississippi on January 22, 2021." [Affidavit at 2].

In the court's view, Cosey's affidavit places a heavy burden on plaintiff to explain exactly why he sued him in this slip-and-fall action, and he has failed to offer a good explanation in this regard. In attempting to do so, plaintiff asserts that he came into contact with Cosey when he filled out an incident report following his accident, explaining in his affidavit that:

> 7. I went to Customer Service and they either paged Tevin Cosey in the store or someone in Customer Service went to find him;
> 8. Tevin Cosey came to Customer Service and asked me questions so he could fill out an incident report on an iPad;
> 9. It was my understanding that Tevin Cosey had management or administration responsibilities with Walmart, that he walked the store as a part of his job, and had responsibilities to report and address any water or substance on the floor of the Walmart;

[Plaintiff affidavit at 1]. Plaintiff thus cites his own "understanding" of what Cosey's job responsibilities were, but neither his affidavit nor his brief explains what his basis for this understanding is or why this court should provide it with any credence in light of Cosey's own assertion that he served as a Digital Coach responsible for handling online merchandise orders. Without question, Cosey is in a far better position to know what his job responsibilities were than plaintiff, and, in order to rebut his affidavit, it is incumbent upon plaintiff to offer more than his unexplained "understandings."

Cosey's general job responsibilities aside, plaintiff's affidavit provides this court with no indication that there is any factual substance behind his allegation that Cosey "was negligent in

4

responding to reports of a dangerous condition on the floor." [Paragraph 11 of complaint]. Indeed, it seems far more likely that plaintiff simply wished to have at least one non-diverse employee to sue in order to defeat diversity jurisdiction and that Cosey's name "stuck in his mind" from having assisted him in filling out the incident report. If there is any more factual basis for suing Cosey than this, then it is not apparent from either plaintiff's affidavit or his remand briefing. This court accordingly concludes that there is no reasonable basis for believing that plaintiff would be able to recover against Cosey under Mississippi law and that this defendant is entitled to be dismissed upon a finding of fraudulent joinder.

While Cosey's dismissal gives rise to complete diversity of citizenship in this case, this court notes that plaintiff seeks an indeterminate amount of damages, and he accordingly argues that the $75,000 amount in controversy is not met. In addressing this argument, this court first notes that:

> [T]here are two methods by which the amount in controversy may be determined. First, removal is proper if it is facially apparent from the complaint that the claims are likely to be above $75,000. Second, if it is not facially apparent that the claims are likely to be above $75,000, a removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. However, removal may not be based simply upon conclusory allegations.

*Beichler v. Citigroup, Inc.,* 241 F. Supp. 2d 696, 699 (S.D. Miss. 2003) (discussing standard articulated by *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995)). The Fifth Circuit has also provided these additional guidelines for determining whether the amount in controversy requirement is met:

> [T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional minimum].

*De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995). If the defendant proves by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, then the plaintiff must then prove to a legal certainty that the amount in controversy does not exceed the jurisdictional amount in order to defeat jurisdiction. *Beichler*, 241 F. Supp. 2d at 700–01.

In the court's view, defendant has produced unusually direct evidence that the amount in controversy exceeds $75,000 in this case, in the form of plaintiff's denial of three separate requests for admissions on the amount in controversy issue. In his responses, plaintiff denied that his damages were less than $75,000, and he likewise declined to state that he would never amend his complaint to seek in excess of that amount. [Defendant's exhibit 5]. This court has long regarded a plaintiff's willingness, or refusal, to make a binding commitment to neither seek nor accept a verdict in excess of $75,000 as the "gold standard" in resolving amount in controversy issues. Indeed, this court has frequently accepted affidavits signed by plaintiffs which provide a commitment in this regard, *see e.g. Wooten v. Liberty Mut. Grp., Inc.*, 2013 WL 12241273, *2 (N.D. Miss. Aug. 7, 2013), and it has likewise regarded their unwillingness to do so as crucial evidence on the amount in controversy issue. As this court noted in one decision:

> In the court's experience, plaintiffs almost uniformly attempt to meet the "legal certainty" test through an affidavit committing themselves to recovering less than the jurisdictional amount. Tellingly, however, plaintiffs have failed to execute such an affidavit in this case, and it is difficult to discern why they would decline to do so if, as they contend, they seek less than $75,000 in this case.

*Marion v. Rent-A-Ctr., Inc.*, 2007 WL 1703830, *2 (N.D. Miss. June 13, 2007).

In this case, plaintiff has likewise refused to commit to not seek in excess of $75,000, and he flatly denies that his damages are less than this amount. *Id.* In light of these representations from plaintiff, this court concludes that the amount in controversy requirement is met in this

6

case, and, since the parties are now diverse in light of Cosey's dismissal, the motion to remand will be denied.

It is therefore ordered that plaintiff's motion to remand is denied. Defendant Cosey is dismissed from this action based upon a finding of fraudulent joinder.

So ordered, this the 9th day of January, 2023

/s/ Michael P. Mills
U.S. DISTRICT COURT